UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES PATRICK DONOGHUE,<br><br>      Plaintiff,<br><br>  v.<br><br>NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, et. al,<br><br>      Defendants. | Civil Action No. 23-0157 (TSC) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**CROSS MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

Table of Authorities ………………………………………………………………………………ii

Introduction ……………………………………………………………………………………….1

Background…………………………………………………………………………………….....1

Legal Standard ……………………………………………………………..…………………....2

Argument ……………………………………………………………………………...………....3

    I.   Plaintiff's Motion Does Not Comply with Rule 56 or the Local Rules ……..…………3

    II.  Plaintiff's Arguments Do Not Identify Any Way in Which Defendants Failed to Comply with FOIA or the Privacy Act ………………………………………………….……4

    III. Plaintiff Cannot Challenge His State Criminal Conviction Through This Lawsuit ………6

Conclusion ……………………………………………………………………………………..9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ............................................................................................................... 2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. ................................................................................................................................. 7

*Bolling v. Sharpe*,
  347 U.S. 497 (1954) ............................................................................................................... 9

*Bordelais v. United States*, Civ. A.,
  No. 24-0770 (APM), 2024 U.S. Dist. LEXIS 82566 (D.D.C. May 6, 2024) ............................ 9

*Brayton v. Off. of U.S. Trade, Rep.*, 641 F.3d 521 (D.C. Cir. 2011) ........................................................................................ 2

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ............................................................................................................... 2

*CNA Fin. Corp. v. Donovan*,
  830 F.2d 1132 (D.C. Cir. 1987) ............................................................................................. 4

*Defenders of Wildlife v. U.S. Border Patrol*,
  623 F. Supp. 2d 83 (D.D.C. 2009) ......................................................................................... 2

*Dep't of Labor*,
  478 F. Supp. 2d 77 (D.D.C. 2007) ......................................................................................... 2

*Dynes v. Hoover*,
  61 U.S. 65 (1858) ............................................................................................................. 5, 6

*Gallagher v. FDA*, Civ. A.,
  No. 18-2154 (TJK), 2019 U.S. Dist. LEXIS 204052 (D.D.C. Nov. 25, 2019) ........................ 4

*Ground Saucer Watch, Inc. v. CIA*,
  692 F.2d 770 (D.C. Cir. 1981) ............................................................................................... 3

*Jarrell v. Tisch*,
  656 F. Supp. 237 (D.D.C. 1987) ............................................................................................ 4

*Jiggetts v. District of Columbia*,
  319 F.R.D. 408 (D.D.C. 2017) ............................................................................................... 7

*Larson v. Dep't of State*,
  565 F.3d 857 (D.C. Cir. 2009) ............................................................................................... 3

*Martin v. Off. of Special Couns.*,
  819 F.2d 1181 (D.C. Cir. 1987) ............................................................................................. 3

*McGehee v. CIA*,
  697 F.2d 1095 (D.C. Cir. 1983) ............................................................................................. 2

*Media Rsch. Ctr. v. Dep't of Just.*,
  818 F. Supp. 2d 131 (D.D.C. 2011) .................................................................................... 2, 3

*Military Audit Proj. v. Casey*,
  656 F.2d 724 (D.C. Cir. 1981) ............................................................................................... 3

*Morrison v. District of Columbia*, Civ. A.,
  No. 22-0456 (TNM), 2022 U.S. Dist. LEXIS 74950 (Apr. 25, 2022) .................................... 7

*MSP Recovery Claims, Series LLC v. United Auto. Ins. Co.*,
  60 F.4th 1314 (11th Cir. 2024) .................................................................................. 7
*Oviedo v. Wash. Metro. Area Transit Auth.*,
  948 F.3d 386 (D.C. Cir. 2020) .................................................................................. 4
*Perry v. Block*,
  684 F.2d 121 (D.C. Cir. 1982) .................................................................................. 3
*Rynn v. Jaffe*,
  457 F. Supp. 2d 22 (D.D.C. 2006) ............................................................................ 8
*SafeCard Servs., Inc. v. SEC*,
  926 F.2d 1197 (D.C. Cir. 1991) ................................................................................ 3
*Schotz v. Samuels*,
  72 F. Supp. 3d 81 (D.D.C. 2014) ........................................................................ 6, 7
*Shallal v. Gates*,
  254 F.R.D. 140 ......................................................................................................... 7
*Strandberg v. City of Helena*,
  791 F.2d 744 (9th Cir. 1986) .................................................................................... 8
*Tucker v. Union of Needletrades, Indus. & Textile Emps.*,
  407 F.3d 784 (6th Cir. 2005) .................................................................................... 7
*Vaughn v. Rosen*,
  484 F.2d 820 (D.C. Cir. 1973) .................................................................................. 6

## Statutes

5 U.S.C. § 552(b)(3) ......................................................................................................... 5

## Rules

Fed. R. Civ. P. 56(a) .................................................................................................... 2, 3
Fed. R. Civ. P. 56(e)(2) ..................................................................................................... 4
Fed. R. Civ. P 56(c)(1) ...................................................................................................... 3

## INTRODUCTION

The Court should deny Plaintiff James Patrick Donoghue's cross motion for summary judgment (ECF No. 31). First, Plaintiff's motion does not comply with the requirements for a summary judgment motion as provided by the Federal Rules of Civil Procedure ("Rules"). Second, Plaintiff advances no credible arguments that Defendants did not fulfil their obligations to search for and produce records in response to Plaintiff's Freedom of Information Act ("FOIA") and Privacy Act requests. Third, the Court should disregard Plaintiff's attempts to use this lawsuit as a vehicle to challenge his criminal convictions in the Baldwin County, Alabama Circuit Court.

## BACKGROUND

This lawsuit stems from three Freedom of Information Act and Privacy Act requests that Plaintiff James Patrick Donoghue sent to Defendant the National Archives and Records Administration ("National Archives") and one request to Defendant the Central Intelligence Agency ("CIA") (collectively "Defendants"). *See generally* Compl. (ECF No. 1). In each of the requests, Plaintiff generally sought records regarding himself. *See* Scanlon Decl. ¶¶ 5, 15, 17 (ECF No. 25-3); Williams Decl. ¶ 5 (ECF No. 25-5). Because Defendants conducted reasonable searches and produced all non-exempt records responsive to the requests, on December 18, 2023, Defendants moved for summary judgment (ECF No. 25). Plaintiff subsequently filed an opposition (ECF No. 27), and, on March 18, 2024, Defendants filed a reply (ECF No. 29).

On May 2, 2024, after Defendants' motion was fully briefed, Plaintiff filed the instant cross motion for summary judgment. Even though the motion was untimely, the Court accepted it for filing, and directed Defendant to respond. *See* Min. Order, May 14, 2024. As explained below, none of Plaintiff's arguments warrants granting summary judgment in his favor or denying Defendant's motion for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings and evidence "show[] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact. *See id.* at 323. A genuine issue is one that "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. Once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.*

"[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Off. of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011); *see also Media Rsch. Ctr. v. Dep't of Just.*, 818 F. Supp. 2d 131, 136 (D.D.C. 2011) ("FOIA cases typically and appropriately are decided on motions for summary judgment.") (quoting *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009)). A government agency may obtain summary judgment in a FOIA case by relying on "relatively detailed" and "nonconclusory" declarations. *McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983).

"[T]he Court may award summary judgment solely on the basis of information provided by the department or agency in declarations when the declarations describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Citizens for Resp. & Ethics in Wash. ("CREW") v. Dep't of Lab.*, 478 F. Supp. 2d 77, 80 (D.D.C. 2007) (quoting

2

*Military Audit Proj. v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)). "[A]n agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Media Rsch. Ctr.*, 818 F. Supp. 2d at 137 (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)). Courts give agency declarations "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)). Once the court determines that an agency has released all non-exempt material, it has no further judicial function to perform under FOIA and the FOIA claim is moot. *See Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982).

Finally, FOIA and the Privacy Act overlap. All Privacy Act records are subject to FOIA but not all FOIA records are subject to the Privacy Act. *Cf. Martin v. Off. of Special Couns.*, 819 F.2d 1181, 1184 (D.C. Cir. 1987) ("If a FOIA exemption covers the documents, but a Privacy Act exemption does not, the documents must be released under the Privacy Act; if a Privacy Act exemption but not a FOIA exemption applies, the documents must be released under FOIA.").

## ARGUMENT

**I.    Plaintiff's Motion Does Not Comply with Rule 56 or the Local Rules.**

To successfully obtain summary judgment on any claim or defense, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To do so, Plaintiff's motion needed to "be accompanied by a statement of material facts as to which [he] contends there is no genuine issue." LCvR 7(h)(1); *accord* Fed. R. Civ. P 56(c)(1). Each statement must include "references to the parts of the record relied on to support the Statement." LCvR 7(h)(1). Plaintiff did not do this and thus has not submitted a motion for summary judgment that complies with the applicable rules.

3

Defendants submitted a statement of undisputed material facts in support of their motion for summary judgment, *see* ECF No. 25-2, but Plaintiff did not address that statement of facts or offer his own statement of undisputed material facts. Thus, the Court may, among other actions, consider Defendants' facts undisputed. Fed. R. Civ. P. 56(e)(2); *see Oviedo v. Wash. Metro. Area Transit Auth.*, 948 F.3d 386, 397-98 (D.C. Cir. 2020) (a pro se plaintiff's "failure to provide support in the record for his memorandum's allegations . . . barred him from disputing [the efendant's] description"; even in the context of a pro se plaintiff, the District Court "act[s] perfectly within its authority to 'consider [a] fact undisputed for purposes of the [summary judgment] motion'" when a plaintiff fails to comply with Rule 56 and District Court Local Civil Rule 7(h) (quoting Fed. R. Civ. P. 56(e)(2)). Even though Plaintiff is self-represented, Plaintiff "must follow the Federal Rules of Civil Procedure," and the Court should not overlook his failure to comply with the rules. *Gallagher v. FDA*, Civ. A. No. 18-2154 (TJK), 2019 U.S. Dist. LEXIS 204052, at *1 (D.D.C. Nov. 25, 2019); *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

**II.     Plaintiff's Arguments Do Not Identify Any Way in Which Defendants Failed to Comply with FOIA or the Privacy Act.**

Plaintiff appears to argue that FOIA Exemptions 6 and 7(C) prevent the government from disclosing information about him, and that the government violated these provisions when disclosing information to the Baldwin County, Alabama Circuit Court. Pl. Mot. Summ. J. ("Pl. Mot.") (ECF No. 31) at 2-3. As Defendants explained, however, Plaintiff pleaded no plausible allegations establishing that Defendants, or any federal government agency, disclosed any information to the Baldwin County Circuit Court or had any involvement in his Alabama criminal matter. *See* Defs.' Reply (ECF No. 29) at 6. Even so, Plaintiff's legal arguments lack merit because an agency can disclose information "in its belief that release is justified in the exercise of its discretion, even though the data fall within one or more of the statutory exemptions." *CNA Fin.*

4

*Corp. v. Donovan*, 830 F.2d 1132, 1134 n.1 (D.C. Cir. 1987).[1]  Thus, Plaintiff cannot argue that Defendants "violated" the personal privacy exemptions of FOIA by releasing information that they could have conceivably withheld in response to a FOIA request.

Plaintiff misunderstands the basis for the CIA's decision not to produce any records responsive to his request.  Defendants never argued that Plaintiff was a risk to "national security" or "foreign relations."  Pl. Mot. at 8.  Rather, the CIA issued a *Glomar* response to Plaintiff's request, refusing to confirm or deny whether the CIA had records that would reveal a classified or unacknowledged association with Plaintiff, because revealing this information would itself reveal information protected from disclosure under Exemption 1, which exempts records deemed classified, and Exemption 3, which exempts records specifically protected from disclosure by statute, here the National Security Act of 1947.  Williams Decl. ¶¶ 15-25.  To be credible, the CIA must issue a *Glomar* response consistently, even where the nonexistence of responsive records appears to be of little consequence, including in those instances in which the CIA does not possess responsive records.  *Id.* ¶ 21.  If the CIA only issued a *Glomar* response when responsive classified records were located, then a *Glomar* response would be tantamount to an admission that such records existed and would thereby undermine the information the CIA is obligated to protect in the interest of national security.  *Id.*  As the CIA explained previously, Def. Mem. for Summ J. at 11-12 (ECF No. 25-1), the CIA searched for unclassified records responsive to Plaintiff's request but did not locate any responsive records.  *See also* Williams Decl. ¶¶ 12-13.

Plaintiff's reliance on *Dynes v. Hoover*, 61 U.S. 65 (1858), is misplaced.  *Dynes* dismissed a false imprisonment claim against the U.S. Marshall for the District of Columbia and ruled that

---

[1] This principle would not apply to a withholding in conjunction with an applicable non-disclosure statute under Exemption 3, 5 U.S.C. § 552(b)(3), but here, Plaintiff does not argue that the government wrongfully disclosed information that was subject to Exemption 3.

the Marshall had lawfully delivered the plaintiff to the Penitentiary of the District of Columbia because the plaintiff was serving a six-month sentence imposed by a naval court martial for attempted desertion. *Id.* at 83-84. *Dynes* rejected the plaintiff's underlying argument that the court martial lacked jurisdiction to convict him for attempted desertion, *id.*, and it is entirely unclear how this holding is related to the FOIA and Privacy Act claims at issue in this case. Even beyond FOIA or the Privacy Act, it is unclear how a 166-year-old Supreme Court case about the jurisdiction of a military court martial would provide any insight into the propriety of Plaintiff's conviction in Alabama state court for sex crimes against children.[2]

Finally, Plaintiff asks the Court to order Defendants to produce a Vaughn Index. Pl. Mot. at 8. Vaughn indices are used to itemize redactions in FOIA productions, *see Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973), but here there are no redactions to itemize. The National Archives produced all responsive records in full, Scanlon Decl. ¶ 23, and the CIA issued a *Glomar* response for classified records and did not locate any unclassified records. Williams Decl. ¶¶ 13-25. Because there are no redactions to itemize, there is no reason for either Defendant to create a Vaughn Index. *See Schotz v. Samuels*, 72 F. Supp. 3d 81, 91 (D.D.C. 2014) (a Vaughn index is merely a "suggested mechanism to assure 'adequate adversary testing' of the government's claimed exemptions and to assist the court in assessing the government's position during litigation" (citation omitted)).

### III. Plaintiff Cannot Challenge His State Criminal Conviction Through This Lawsuit.

Plaintiff's summary judgment motion attempts to stretch this FOIA and Privacy Act case into a Constitutional case, at various times, accuses Defendants of violating the Sixth, Ninth,

---

[2]  *See* Virginia Bridges, Baldwin County man gets 60 years for sex crimes against children, AL.com, Sept. 26, 2008, *available at* https://www.al.com/live/2008/09/baldwin_county_man_gets_60_yea.htm

6

Thirteenth, and Fourteenth Amendments. Pl. Mot. at 5-7. But Plaintiff brought this lawsuit seeking to compel Defendants to produce documents, *see* Compl. at 31 ("Relief Requested") (ECF No. 1), and throughout the Complaint he referenced his FOIA and Privacy Act requests to Defendants. *See generally id*. Plaintiff cannot amend his complaint to add new claims as part of a motion for summary judgment. "At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Rule 15(a)." *Tucker v. Union of Needletrades, Indus. & Textile Emps*., 407 F.3d 784, 788 (6th Cir. 2005); *see also MSP Recovery Claims, Series LLC v. United Auto. Ins. Co*., 60 F.4th 1314, 1319 (11th Cir. 2024).

To be sure, buried within Plaintiff's complaint are passing reference to violations of constitutional rights, but these references do not appear to be attempts to assert claims. *See, e.g.,* Compl. at 29-30. Importantly, "it is not the Court's job to wade through pages of incoherent gobbledy-gook in search of a single claim that may have merit." *Shallal v. Gates*, 254 F.R.D. 140, 143 n. 6 (D.D.C. 2008); *see also Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (explaining that parties must be able to discern the essential facts of the case without having to "fish a gold coin from a bucket of mud"). Defendants are entitled to "fair notice of what the claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 544, 555–56 (citing Fed. R. Civ. P. 8(a)(2)). To the extent that Plaintiff intended to assert constitutional claims, Plaintiff's failure to present those claims in a "digestible or comprehensive manner" warrants dismissal of those claims. *Morrison v. District of Columbia*, Civ. A. No. 22-0456 (TNM), 2022 U.S. Dist. LEXIS 74950, at *1 (D.D.C. Apr. 25, 2022).

Even if the Court were to entertain Plaintiff's arguments regarding constitutional claims, those claims would fail on the merits. Plaintiff's constitutional claims are based on the premise that he was not afforded a fair trial in the Baldwin County Circuit Court. Pl. Mot. at 5-7. But by

7

Plaintiff's own account, he was prosecuted by state officials and convicted in state court. Compl. at 1-7. The Sixth Amendment guarantees criminal defendants "the right to a speedy and public trial, by an impartial jury, . . . and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense." U.S. Const. amend. VI. Even if Plaintiff was convicted based on evidence in a "composite file" that was not disclosed to him, Pl. Mot at 6, Plaintiff still could not credibly claim that the CIA or the National Archives violated his Sixth Amendment rights because the State of Alabama would have been the entity that failed to inform Plaintiff of the charges against him and grant Plaintiff an opportunity to mount a defense to those charges.

Plaintiff's Ninth, Thirteenth, and Fourteenth Amendment claims fare no better. The Ninth Amendment holds that the "enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend IX. But the Ninth Amendment is "a rule of construction" that "has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Rynn v. Jaffe*, 457 F. Supp. 2d 22, 25-26 (D.D.C. 2006) (quoting *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986)). Thus, Plaintiff cannot bring a claim against Defendants, or any other federal or state government entity, for violation of the Ninth Amendment.

The Thirteenth Amendment abolished slavery. *See* U.S. Const amend XIII § 1 ("Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."). Plaintiff argues his conviction and imprisonment violated the Thirteenth Amendment. Pl. Mot. at 7. But Plaintiff does not claim that he is being enslaved or forced to work

8

involuntarily without pay, and in any event it is the State of Alabama, not the federal government, has convicted and is imprisoning Plaintiff.  *See* Compl. at 1-7.  Finally, Plaintiff's Fourteenth Amendment claim would fail because the Fourteenth Amendment "does not apply to [the] federal government, its agencies, or its officials." *Bordelais v. United States*, Civ. A. No. 24-0770 (APM), 2024 U.S. Dist. LEXIS 82566, at *2 (D.D.C. May 6, 2024); *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954) ("[T]he Fourteenth Amendment . . . applies only to the states.").

In sum, if Plaintiff believes his conviction in the Baldwin County, Alabama Circuit Court was unlawful, then Plaintiff must sue a proper party, and neither the CIA nor the National Archives is properly such a defendant.  No legal mechanism exists for Plaintiff to challenge his conviction as part of his challenge to the CIA and National Archives's responses to his FOIA and Privacy Act requests.

## CONCLUSION

For these reasons, the Court should deny Plaintiff's cross-motion for summary judgment.

Dated: July 15, 2024
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     *John J. Bardo*
     JOHN J. BARDO, D.C. Bar #1655534
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 870-6770

*Attorneys for the United States of America*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Reply and attached proposed order to be served on Plaintiff via First Class Mail to:

James Patrick Donoghue
R#261748
Limestone Correctional Facility Inmate Mail/Parcels
28779 Nick Davis Road
Harvest, AL 35749